**Tina MARTINEZ, et al., Plaintiffs and Respondents,**

v.

**Johnny A. LOVATO, Defendant and Appellant.**

No. 19428.

Supreme Court of Utah.

Sept. 30, 1987.

Ted Cannon, Randall Skeen, Salt Lake City, for plaintiffs and respondents.

Edward K. Brass, Salt Lake City, for defendant and appellant.

STEWART, Associate Chief Justice:

Johnny Lovato appeals the ruling of the trial court that he is the natural father of a child born to Ernestina Martinez on the claim that the trial court erred in admitting HLA tests without a proper foundation having been laid.

Lovato admits to having had sexual intercourse with Martinez, but claims that it occurred after she had already conceived. Lovato asserts that Martinez told him she had had sexual intercourse with her old boyfriend at a time that would approximate a more probable date of conception, given the child's birth date, than the date he had had intercourse with her. She claims that he was her only consort during the time conception could have occurred.

At trial, expert testimony was received based on human leukocyte antigen (HLA) tests that were conducted on Martinez, Lovato, and the child. The expert testified that the probability of Lovato's being the father is 99 percent. If other consorts are included in the calculation, the probability of paternity drops. For example, if Martinez had had five consorts, including Lovato, the probability of his being the father is 95 percent, a difference much more significant than appears on the face of the percentages.

The trial court's lone finding of fact simply states that it found Lovato to be the child's father. No findings were made that Lovato was Martinez's only consort or that based on evidence apart from the HLA tests Lovato is the child's father. Thus, it is impossible to know the impact the HLA test evidence had on the trial court's finding.

Today in *Kofford v. Flora*, 744 P.2d 1343 (Utah, 1987), this Court has established standards that must be met before HLA evidence may be admitted in judicial proceedings. The record establishes that the necessary foundational requirements and other standards established by *Kofford* have not been met. In light of *Kofford*, a new trial is required.

Reversed and remanded. Costs to appellant.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.